Amy M. Samberg, Esq.
Nevada Bar No. 10212
Justin S. Hepworth, Esq.
Nevada Bar No. 10080
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169
Telephone (702) 784-5200
Facsimile  (702) 784-5252

*Attorneys for Defendant Travelers*
 *Indemnity Company of America*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NEGRI ELECTRONICS, INC., a Nevada corporation; and RYAN NEGRI, <br><br> Plaintiffs, <br><br> vs. <br><br> TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut Corporation;  DOES I through V, inclusive, <br><br> Defendants. | CASE NO.   2:14-cv-00521-APG-NJK <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> As amended, page 3. |

BY STIPULATION OF THE PARTIES, and for good cause appearing:

IT IS ORDERED that the production by Travelers Indemnity Company of America ("Travelers") of certain documents and information that contain trade secrets or other commercially sensitive or proprietary information will be governed by the following terms, restrictions and conditions.

This order shall apply to those documents Travelers has agreed to produce subject to a protective order in its written responses to discovery requests, those documents which the Court orders to be produced subject to a protective order, and to those documents as to which the parties may subsequently agree this protective order applies.  Travelers will mark those documents "subject to protective order" or a similar designation to identify the documents to which this order applies.

1. Documents designated as protected, and the information contained therein, shall be disclosed only to "Qualified Persons."

2. Qualified Persons are limited to:

   a. Counsel of Record in this action for the parties, and the parties;

   b. Employees of Counsel of Record involved in the preparation and trial of this action;

   c. Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Travelers; and

   d. The Court, the Court's staff, witnesses, and the jury in this case.

3. Any person or firm to whom such documents and/or information contained therein is to be disclosed shall first be advised by counsel making that disclosure that, pursuant to this Stipulated Protective Order, such person or firm may not divulge any such information to any other person.

4. Before receiving access to any document subject to the Stipulated Protective Order or the information contained therein, each person described in paragraph 2(c) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for the Plaintiffs shall retain each such executed "Written Assurance" and shall keep a list identifying: (a) all persons described in paragraph 2(c) above to whom documents subject to the Stipulated Protective Order have been disclosed; and (b) all documents subject to the Stipulated Protective Order disclosed to such persons. Upon Travelers' request and a good faith basis, such as a reasonable belief that the terms and provisions of this Stipulated Protective Order have been or are in jeopardy of being violated, Plaintiffs' counsel shall provide within three (3) business days, a copy of such lists, together with copies of the written agreements executed by persons described in subparagraph 2(c) above.

/ / /

/ / /

/ / /

See order issued concurrently herewith.

1. ~~5.    Prior to filing any documents with the Court that contain any portion of any protective information or information taken from any protected information, that party must file a motion for an order sealing the documents consistent with the Ninth Circuit opinions of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) and *Pintos v. Pacific Creditors Association*, 605 F.3d 665, 678 (9th Cir. 2010) and consistent with Local Rule 10-5(b). A copy of the motion to seal must be served on all parties that have appeared in the case.~~

6. The production of any documents or other physical objects by Travelers shall not constitute a waiver of the attorney-client or work product privilege, if the producing party: (1) notifies the receiving party that such documents or things were inadvertently produced and are subject to attorney-client or work product privilege; and (2) requests that the receiving party return any such documents or things.  Nothing in this paragraph circumvents applicable case law pertaining to attorney-client privilege or work product doctrine.

7. Upon the termination of this action, all copies furnished by Travelers to any party to this action, together with all originals and copies of notes, manuals, data compilations, extracts and reproductions furnished by Travelers, shall be destroyed or returned to counsel for Travelers, together with a letter from receiving counsel, or any other party to this action, that all documents, copies of such documents that were provided by Travelers have been returned to Travelers or destroyed.  Notes, manuals, data compilations, extracts and reproductions created by Plaintiff's Counsel, experts or anyone other than Travelers are not included in this provision.  Only originals and copies of notes, data compilations, extracts and reproductions produced by Travelers shall be destroyed or returned to counsel for Travelers.  Upon termination of this action, the provisions of this Stipulated Protective Order shall continue to be binding.  This Court retains and shall have jurisdiction over the parties, their attorneys including Plaintiff, Plaintiff's Counsel and all recipients of protected documents for enforcement of the provisions of this Stipulated Protective Order following termination of this case.

///

///

8. The Parties (and deponents) may, within thirty (30) days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as "protected" and subject to this Stipulated Protective Order. Protected information within the deposition transcript may be designated by underlining the portions of the pages that are protected and marking such pages with the following legend: "Subject to Protective Order." Until expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure under this Stipulated Protective Order. If no party or deponent timely designates protected information in a deposition, then none of the transcript or its exhibits will be treated as confidential.

9. Only documents or categories of documents produced or disclosed by Travelers during the pretrial discovery (including, but not limited to: responses to interrogatories, responses to requests for admissions, responses to requests for production, and deposition testimony) that Travelers, in good faith, believes to contain information that should be subject to this Stipulated Protective Order shall be designated as "Protected." The physical labeling of any document permitted by this paragraph shall not be done in any manner that obstructs the reading of the document or impairs the reading of any such document when duplicated by any conventional duplicating process.

10. The designation of a document as "Protected" shall not create any presumption with regard to the actual status of any document, nor shall that designation affect the burden of proof necessary for obtaining a protective order from the Court. In the event that any party, in good faith, disagrees with the designation of any documents or information as protected and subject to this Stipulated Protective Order, said party shall send a written notice to Travelers with copies to all parties specifying the documents and/or information in question and shall confer regarding the status of the documents or testimony in question. If the parties cannot agree within thirty (30) days of receiving a written notice specifying the document(s) or information in question, Travelers shall file a Motion for Protective Order pursuant to the Federal Rules of Civil Procedure. Any documents and information in question shall continue to be treated as protected and subject to this Stipulated Protective Order unless the Court or tribunal orders otherwise. Should Travelers fail to file, within thirty (30) days of receiving such written notice, a motion

- 4 -

with the Court to preserve protective status of such documents or information, the challenged documents and information shall be deemed not protected.

Dated: November 17, 2014                                         Dated: November 17, 2014

SNELL & WILMER L.L.P.                                      LAW OFFICE OF JULIE A. MERSCH

By: */s/ Justin S. Hepworth*                                  By: */s/ Julie A. Mersch*
  Amy M. Samberg, NV Bar No. 10212              Julie A. Mersch, NV Bar No. 4695
  Justin S. Hepworth, NV Bar No. 10080           701 S. 7th Street
  3883 Howard Hughes Pkwy., Ste. 1100          Las Vegas, NV 89101
  Las Vegas, NV 89169

*Attorneys for Travelers Indemnity*                      Lawrence E. Mittin, NV Bar 5428
*Company of America*                                          501 S. 8th Street
                                                                                Las Vegas, NV 89101

                                                                                *Attorneys for Plaintiffs*

## ORDER

IT IS SO ORDERED.

DATED this  18th  day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NEGRI ELECTRONICS, INC., a Nevada corporation; and RYAN NEGRI, <br><br> Plaintiffs, <br><br> vs. <br><br> TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut Corporation; DOES I through V, inclusive, Defendants. | CASE NO.   2:14-cv-00521-APG-NJK <br><br> **WRITTEN ASSURANCE REGARDING CONFIDENTIALITY AND PROTECTIVE ORDER** |

STATE OF _____ )
                                                    ) ss:
COUNTY OF _____ )

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1. I have read the Stipulated Protective Order attached hereto and I understand its terms and meanings.

2. I agree that my signature below submits me to the jurisdiction of the United States District Court, District of Nevada, in which the action of *Negri Electronics, Inc. v. Travelers Indemnity Company of America*, 2:14-cv-00521-APG-NJK, is pending, and binds me to the provisions of the Stipulated Protective Order, including to all promises undertaken in the Stipulated Protective Order, as if originally agreed by me.

**FURTHER AFFIANT SAYETH NOT.**

This _____ day of _____, 2014.

_____
Signature

SUBSCRIBED AND SWORN to before me
this _____ day of _____, 2014.

_____
NOTARY PUBLIC

20344530